THE UNITED STATES DISTRICT COURT

FOR THE

SOUTHERN DISTRICT OF ALABAMA

SHAWN COX,                                      Petitioner

V.                           Civil Action No: 1:17-CV-534-KDB

THE UNITED STATES,                              Respondent

## PETITION FOR CLAIMS FOR DAMAGE

## INJURY, OR DEATH, UNDER

## THE ALIEN TORT CLAIM ACT

## 28 U.S.C.§ 1350

COMES NOW, SHAWN COX,(Cox), in pro se capacity and the above style cause, humbly submits to this **Office Of Claims Litigation For The United States coast Guard Stop 7213**, his **PETITION FOR CIVIL ACTION, ALIEN TORT CLAIM**, Base on the Alien Tort Claim Act ant the Maritime Contractual Agreement, between the United States of America, and the Government of the Commonwealth of the Bahamas. Herein Cox will demonstrate the "FACTS" in the "Contractual Agreement, Affidavit,and the Constitution of the United States, and under Federal Claims Rules.

## JURISDICTION

Section 1350 of Title 28 of the United States Code, is the general jurisdictional statue. It provides jurisdiction over claims (like cox's) alleging that the District Court shall have original jurisdiction of any Civil Action by an Alien for Tort only, committed in violation of the Laws of Nations or Treaty of the United States. (See 28 U.S.C.§ 1350)

(1)

Cox also brings his claim to this Forum under the Constitution of the United States: **Article III. Section 2.**

The judicial power shall be extend to all cases, in law and equity, arising under this Constitution, of the Laws of the United States, and Treaties made, or which shall be made, under their authority, to all cases affecting Ambassadors, other Public Ministers and consuls, to all cases of **Admiralty and Maritime Jurisdiction**, to all controversies between Citizens of another state, between Citizens of the same state claiming land under grants of different states, and Citizens of a state or the Citizen thereof, and foreign states, citizens or subject.

**Article VI.** This Constitution, and the Laws of the United States which shall be made in pursuant thereof, and all Treaties made, or which shall be made, under the authority of the United States, shall be the **Supreme Law of the Land, and the judges in "every State" shall be bound thereby, anything in the Constitution or Laws of any state to the contrary notwithstanding.**

Under section 2241 of Title 28 of the United States Code, this is the general habeas statue. It provides jurisdiction over petitions (like cox's) alleging that a prisoner is "in custody" in violation of the Constitution or Laws or Treaty of the United States. **28 U.S.C.§ 2241(c)(3).** This "in custody" requirement is jurisdictional. **Stacey v. warden, Apalachee Corr. Inst., 854 F. 2d 401, 403 (11th Cir 1988).** To satisfy the "in custody requirement", the habeas petitioner must be in custody under the conviction or sentence under attack at the time his petition is filed. **Maleng v. Cook, 409 U.S. 488, 409-91 109 S. Ct 1923, 104 L. ED. 2d 540 (1989).**

### SWORN AFFIDAVIT

On December 07th, 2016, I Shawn Cox, herein the Petitioner, while traveling aboard petitioner's 33ft vessel, "The Lady Jane", legally registered under the laws of the Government of Jamaica, and in the territorial waters of the Bahamas Government, was pursued and detained and distroyed well within the territorial waters of the Bahamas by the United States Coast Guard **(USCG) Tampa (WMEC 902).** Petitioner's vessel was located at **Lat:19-47N and Long:074-41W**, well within **200 Nautical Miles** from the baseline of the Bahamas, from which the territorial seas of the Bahamas is measured. From the very onset the (USCG) violated International Laws, and "breached" the Maritime Contractual Agreement between the United States of the America and the Government of the Commonwealth of the Bahamas, whenthe (USCG) entered the territorial waters of the Bahamas in it's pursuit of petitioner's vessel.

Upon the United States Coast Guard approched with guns drawn and ordered petitioner to stop his vessel, the (USCG) ordered everyone to show their hands and prepare for boarding, a boarding for which no consent was ever given by petitioner. Petitioner claimed full ownership for his vessel and had provided all the necessary documentations of registry for his vessel as required under the laws of the Bahamian Government's Port Department, and in accordance with the Marritime Agreement.

The United States coast Guard was in blatant violation of the International Laws and the Contractual Maritime Agreement, when the (USCG) failed to adhere to the said agreement upon illegally boarding petitioners vessel without his permission, and the required **Shiprider**

(3)

as mandated and required under the **1996 Shiprider Agreement** which was subsequently incorporated into the Agreement by title.

Petitioner contends this is a blatant **act of paracy,** well within the territorial waters of another country by the (USCG). The (USCG) contends that contact with the Bahamas Government was astablished in which the Bahamian Government waved its jurisdiction, within the territory over the Bahamian Citizen, and the Jamacian registered vessel, a waver and consent to jurisdiction for which the Bahaman Government has absolutely no records or recording on file ever took place.

Petitioner is arguing that documentation provided to the (USCG) whould have required the (USCG) to wait for a Bahamian Shiprider as required under the 1996 Shiprider Agreement which is incoorporated into the Agreement between both Parties.

Under the doctrine of the **"Law of the Flag",** certain **Maritime Matters** are determined pursuant to the Law of the state or nation whose flag the vessel flies. That doctrine is prohaps the most **vonerable and universal rule of Maritime Laws** bearing on the question of laws. **The Law of the Flag, not the Law of Fourm,** is generally applied in matters of **substantive Laws.** It is also generally applied to matters of discipline onboard a vessel. The Law of the flag **supersedes the territorial principle,** even for purposes of **criminal jurisdiction** of persons of a merchant ship, because the ship is deemed to be part of the territory of the soveringty whose flag it flies, and does not lose that character when in navagatable watere within the territorial limits of another sovereingty.

(4)

Petitioner's vessel was subsequently illegally distroyed by the (USCG) after which petitioner was never read or given his Miranda Rights, befor being shackled and chained along with his vessel's occupants, and then transported to the United States to face charges of illegal drugs posession.

## CONCLUSON

Petitioner herein files this **Alien Tort Claim** in support of twenty million dollars(20,000.000.00), for the damage of his vessel, and for injury of being **kidnapped, loss of property, 33ft vessel at sea, the unlawful detention, false search and seazure, violation of civil rights, trespass, harasment, determinant of character/name deframe, emotional and physical, and mental angush, and violation of due process.** Petitioner was kidnapped from his homeland by the (USCG), and illegally taken to a foreign land to be illegally prosecuted in violation of International Laws, the Laws of Nations and a breach of the Maritime Contractual Agreement, between the United States of America and the Government of the Commonwealth of the Bahamas.

Petitioner cites, **Miranda v. Arizona, 384 U.S. 436 (1966)** and the Tucker Act. 28 U.S.C.§ 1491. Unjust Conviction and imprisonment.

I Shawn Cox, do solemly affirm pursuant to 28 U.S.C.§ 1746, panalty of perjury, that the information stated herein is TRUE AND CORRECT.

Signed and affirmed on this 27 day of November, 2017   A.D

By: Shawn Cox
Shawn Cox BOP No: 16710-003

(5)

## CERTIFICATE OF SERVICE

I certify on this 27 day of November, 2017, I caused to served by first-class mail, postage prepaid, a copy of the forgoing "Petition for Claim For Damage, Injury, or Death, Under the Alien Tort Claim Act 28 U.S.C.§ 1350 & 28 U.S.C.§ 1983" to the following:

> Ms. Valerie Willis
> Commandant (CG-LCL)
> Attn: Office of Claims and Litigation
> U.S. Coast Guard Stop 7213
> 2703 Martin Luther King Jr. Aveneu, S.E.
> Washington, D.C. 20593-7213
> United States

_Shawn Cox_
Shawn Cox BOP No: 16710-003

(6)

## CERTIFICATE OF SERVICE

I certify that on this 27 day of November, 2017, I Caused to served by first-class mail, postage prepaid, a copy of the forgoing "petition for Claim For Damage, Injury, Or Death, Under The Alen Tort Claim Act 28 U.S.C.§ 1350 & 28 U.S.C.§ 1983" to the following:

        THE OFFICE OF THE CLERK
        THE UNITED STATES DISTRICT COURT
        FOR THE SOUTHERN DISTRICT OF ALABAMA
        JOHN A. CAMPBELL UNITED STATES COURTHOUSE
        113 St. JOSEPH STREET, ROOM 123
        MOBILE AL 36602
        UNITED STATES

*Shawn Cox*
Shawn Cox BOP No; 16710-003

(7)

16710-003
SHAWN COX
P.O. BOX 2000
D.RAY JAMES C.I.
FOLKSTON, GA 31537
U.S.A.

OFFICE OF THE CLERK

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ALABAMA
JOHN A. CAMPBELL UNITED STATES COURTHOUSE
113 St. JOSEPH STREET, ROOM 123
MOBILE AL 36602
UNITED STATES

LEGAL MAIL