**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| **SHAWN COX,** | * | |
| | * | |
| **Plaintiff,** | * | |
| | * | |
| **vs.** | * | **CIVIL ACTION NO. 17-00534-KD-B** |
| | * | |
| **THE UNITED STATES,** | * | |
| | * | |
| **Defendant.** | * | |

**REPORT AND RECOMMENDATION**

Plaintiff Shawn Cox, proceeding *pro se*, filed a complaint seeking relief under 28 U.S.C. § 1350. (Doc. 1). This case, which was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and S.D. Ala. GenLR 72(a)(2)(R) for appropriate action, is before the Court due to Cox's failure to pay the statutory filing fee or file a motion to proceed without prepayment of fees, as directed.

In an order dated April 5, 2018, the Court directed Cox to pay the statutory filing fee or file a motion to proceed without prepayment of fees by May 7, 2018. (Doc. 2). Cox was provided with the appropriate form for a motion to proceed without prepayment of fees and was cautioned that failure to timely comply with the Court's directive would result in the dismissal of this action. (Id.).

1

A review of the docket reflects that Cox has failed to pay the statutory filing fee or file a motion to proceed without prepayment of fees in compliance with the Court's directive. Further, Cox's copy of the Court's order dated April 5, 2018 (doc. 2), has not been returned to the Court.

Due to Cox's failure to comply with the Court's order dated April 5, 2018 (doc. 2), and upon consideration of the alternatives available to the Court, it is recommended that this action be dismissed without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure as no other lesser sanction will suffice. Link v. Wabash R. R., 370 U.S. 626, 630, 82 S. Ct. 1386, 8 L. Ed. 2d 734 (1962) (interpreting Rule 41(b) not to restrict the court's inherent authority to dismiss sua sponte an action for lack of prosecution); World Thrust Films, Inc. v. International Family Entertainment, Inc., 41 F.3d 1454, 1456-57 (11th Cir. 1995); Ballard v. Carlson, 882 F. 2d 93 (4th Cir. 1989), cert. denied, Ballard v. Volunteers of America, 493 U.S. 1084, 110 S. Ct. 1145, 107 L. Ed. 2d 1049 (1990); Mingo v. Sugar Cane Growers Co-op, 864 F. 2d 101, 102 (11th Cir. 1989); Goforth v. Owens, 766 F. 2d 1533, 1535 (11th Cir. 1983); Jones v. Graham, 709 F. 2d 1457, 1458 (11th Cir. 1983); accord Chambers v. NASCO, Inc., 501 U.S. 32, 111 S. Ct. 2123, 115 L. Ed. 2d 27 (1991) (ruling that federal courts'

2

inherent power to manage their own proceedings authorized the imposition of attorney's fees and related expenses as a sanction; Malautea v. Suzuki Motor Co., 987 F. 2d 1536, 1545-46 (11th Cir. 1993)(finding that the court's inherent power to manage actions before it permitted the imposition of fines), cert. denied, 510 U.S. 863, 114 S. Ct. 181, 126 L. Ed. 2d 140 (1993).

## Notice of Right to File Objections

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. ALA. GenLR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error

if necessary in the interests of justice." 11th Cir. R. 3-1. In order to be specific, an objection must identify the specific finding or specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this **13th** day of **July 2018.**

**/S/SONJA F. BIVINS**
**UNITED STATES MAGISTRATE JUDGE**

4